UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FARHOD KARIMOV, and all others similarly situated

    Plaintiff,

vs.

OBK CENTER CORPORATION d/b/a Bahor Restaurant, a Florida Corporation, and IRINA ELIUTINA, individually,

    Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, FARHOD KARIMOV, by and through his undersigned attorney, and hereby sues Defendants, OBK CENTER CORPORATION d/b/a Bahor Restaurant (hereinafter referred to as "BAHOR"), and IRINA ELIUTINA, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Broward County, Florida within the jurisdiction of the Southern District of Florida.

3. The Defendant corporation operated a restaurant located within Miami-Dade County, Florida.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. BAHOR is a Florida corporation which regularly conducted business within the Southern District of Florida by operating a restaurant within Miami-Dade County, Florida. BAHOR serves Russian and Uzbek dishes.

7. BAHOR is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, BAHOR operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and BAHOR obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. BAHOR purchased food ingredients, food preparation tools, and materials which travelled in interstate commerce. Two or more kitchen employees of BAHOR used food ingredients

8. Upon information and belief, the annual gross revenue of BAHOR was at all times material hereto in excess of $500,000.00 per annum. Upon information and belief, the gross annual revenue for BAHOR was in excess of $500,000.00 during the years 2015 and 2016. Upon information and belief, based upon the prior gross income of BAHOR, the gross annual revenue for BAHOR is expected to be in excess of $500,000.00 for the year 2017.

9. By reason of the foregoing, BAHOR is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

10. The individual Defendant, ELIUTINA, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant ELIUTINA controlled the purse strings for the corporate Defendant. Defendant ELIUTINA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

### COUNT I: UNPAID OVERTIME WAGES

11. Plaintiff re-alleges and re-aver paragraphs 1 through 10 as fully set forth herein.

12. FARHOD KARIMOV worked as a kitchen cook who was employed from October 1, 2015 through January 4, 2017. KARIMOV was paid a rate of $18/hr. during the period of October 1, 2015 through April 2016, at which time his rate was reduced to $16/hr. KARIMOV estimates that he worked approximately 430 overtime hours where he was paid a straight time rate, and is owed an additional half-time rate for these hours. KARIMOV estimates that he worked approximately 400 overtime hours for which he was not paid any wages, and is owed wages at a rate of time-and-one half the regular rate.

13. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

14. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedules and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Defendants would manipulate the time records to reduce the appearance of overtime hours worked. Further, Defendants would pay their employees' wages, in part, by cash, in order to reduce the appearance of overtime hours. Despite Defendants' having knowledge of Plaintiff hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. In addition, Defendants have been previously been sued for overtime wages, but did not correct their practices with respect to the payment of overtime wages.

16. The similarly situated individuals are those individuals whom were employed by the Defendants as restaurant employees like the Plaintiff, and whom were not paid overtime wages.

17. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

Dated: January 24, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561